UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-cr-81 |
| | ) | Judge Greer |
| RODNEY TULLOCK | ) | |
| | ) | |
| | ) | |

MOTION TO SUPPRESS EVIDENCE
AND MEMORANDUM IN SUPPORT

COMES NOW, the Defendant, Rodney Tullock, by and through counsel, and moves this Honorable Court for an order suppressing any and all evidence discovered as a result of a seizure and subsequent search of the Defendant after a traffic stop on April 21, 2010, to-wit: the discovery of a pill bottle containing approximately 170 oxycodone pills in the Defendant's vehicle. The Defendant would show that the stop of his vehicle and subsequent request to search by law enforcement were conducted in violation of his constitutional rights under the Fourth Amendment to the United States Constitution. The reason for such contention is that agents of the government stopped the Defendant's vehicle without probable cause that a traffic violation had occurred, in violation of his rights under the Fourth Amendment.

The Defendant states that he was pulled over by the Tennessee Highway Patrol on April 21, 2010 for allegedly "Following Too Closely" in violation of Tennessee Code Annotated 55-8-124. It has been learned through discovery that the stop occurred shortly after the Defendant was observed leaving co-Defendant William McMahan's residence. After being pulled over by the State Trooper, the Defendant was asked to step out of the car and a request to search the vehicle was made and granted. The Defendant contends that probable cause did not exist to stop him for "Following too Closely" as that statue reads under the Tennessee Code and therefore the officer should not have been in a position to request to search the vehicle.

MEMORANDUM

The Supreme Court in *Whren v. United States*[1] confirmed that a police officer is legally allowed to stop a vehicle for a traffic violation when there is probable cause for the traffic stop, without regard for the officer's subjective motivation. The Sixth Circuit in *U.S. v. Johnson* further stated that "[a]s general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."[2] However, in the case before the Court, the Defendant contends that regardless of the officer's motivation behind the stop, probable cause did not exist in any form such that he could be stopped for any reason.

The Government bears the burden of proving the existence of probable cause[3] by showing "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion"[4] that a traffic violation has occurred. As stated previously, it is admitted that the subjective motivation of the officer in stopping the vehicle for another purpose other than to give a citation for a traffic violation is not relevant when probable cause exists for the traffic violation. The Sixth Circuit, however, in *United States v. Hill* expressed "concern that police officers [were] using the state of the law in this Circuit as carte blanche permission to stop and search "target" or "profile" vehicles for drugs."[5] The *Hill* court went on to say "that it is the responsibility of the courts to make sure that police officers act appropriately and not abuse the power legally afforded to them by, among other things, carefully scrutinizing a police officer's testimony as to the purpose of the initial traffic stop."[6]

In the case before the Court, the Defendant contends he was stopped for "Following too closely" in violation of Tennessee Code Annotated 55-8-124. T.C.A. 55-8-124(a) states as follows:

---

1  *Whren v. United States*, 517 U.S. 806 (1996)
2  *U.S. v. Johnson,* 242 F. 3d 707, 709 (6th Cir. 2001), quoting *Whren v. United States*, 517 U.S. 806 (1996)
3  See *United States v. Beal*, 810 F.2d 574 (6th Cir. 1987)
4  *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993)
5  *United States v. Hill*, 195 F.3d 258, 267 (6th Cir. 1999)
6  *Id.*

> "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

The Defendant would state that at the time of this stop he was an experienced long-haul truck driver with an exemplary safety record. He was acting within the "reasonable and prudent" standard of T.C.A. 55-8-124(a) and not following any other vehicle too closely such as to run afoul of the rules of the road. It should further be noted that the statute under which he was stopped is written in what the undersigned would classify as broad and vague language without specific detail as to what would give rise to a violation. In short, what would be probable cause for a violation under this statue is hard to determine.

In any event, the Defendant contends that there was no probable cause that *any* traffic violation had occurred at the time of the stop. It flows from that argument that if the officer did not have probable cause to stop his vehicle, then he would not have been in the position to request a search of the vehicle. Therefore, the Defendant would respectfully move the Court to suppress from evidence the pill bottle with 170 oxycodone pills discovered in the search of the Defendant's vehicle on April 21, 2010.

Respectfully Submitted,

/s/ Eric D. Reach
Eric D. Reach, Attorney for Defendant
112 E. Myrtle Ave., Suite 500
Johnson City, TN 37601
BPR# 024170
(423) 926-8300

CERTIFICATE OF SERVICE

      I hereby certify that on November 18, 2011, a copy of the foregoing pleading was filed. Notice of this filing will be sent to all interested parties by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

      By: /s/ Eric D. Reach
      ERIC D. REACH
      Counsel for Defendant