UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | 2:11-CR-81 |
| | ) | JUDGE GREER |
| RODNEY TULLOCK | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

Now comes the United States of America by and through the United States Attorney for the Eastern District of Tennessee, and files this response to the defendant's motion to suppress evidence seized during the stop of his vehicle on April 21, 2010, (R. 266), and would show the court the following:

**Facts**

On April 21, 2010, agents learned through a court-authorized telephone intercept that defendant Tullock was going to co-defendant William McManah Jr.'s residence on Edwina Bridgeport Road in the Newport area of Cocke Count Tennessee, to pick up prescription narcotics. At approximately 3:02 p.m., surveillance agents observed defendant Tullock's maroon Chevrolet van bearing a vehicle registration of 157-VZC parked at McMahan's residence. The vehicle was registered to defendant Tullock at his residence in Afton, Tennessee.

At approximately 3:20 p.m., the van left McMahan's residence and traveled toward Greeneville, Tennessee. Surveillance agents followed the van through Cocke, into Greene County, and through to Greeneville, Tennessee, and en route contacted the Tennessee Highway Patrol to conduct a traffic stop. At approximately 4:08 p.m., as the defendant's van, traveling on Highway 321, entered the city limits of Greeneville Trooper Jacob Stielow observed the van

following another vehicle within two car-lengths and pulled the defendant over for following too close, a violation of T.C.A. § 55-8-124.

When Trooper Stielow approached the van and during the stop he observed that defendant Tullock acted unusually nervous. The defendant was asked for consent to search the vehicle and he verbally consented. At that point, approximately ten minutes after the stop had been initiated, Trooper Stielow called for backup. The defendant was placed into Trooper Stielow's the back of the patrol unit with the window down so they could communicate while the defendant's car was searched.

During the search, Trooper Stielow found several pill bottles that had all been prescribed to the defendant by the same doctor and all filled at the same pharmacy in Tampa, Florida. Inside the front console and behind the driver's seat, Trooper Stielow found three empty prescription bottles. Behind the passenger seat in an empty can of chips, Trooper Stielow found another prescription bottle containing approximately 170 (30 milligram) oxycodone pills. The pills were not seized, and the defendant was released upon completion of the traffic stop.

**Law and Argument**

The initial stop of the defendant's vehicle for following too close was proper. The defendant's vehicle was stopped and he was given a warning citation for following too close, a violation of T.C.A. § 55-8-124, which states that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. In *United States v. Sanford*, 476 F.3d 391 (6th Cir., 2007), the Court upheld a traffic stop for following too closely where the defendant, Rondrell Sanford, was stopped for traveling ten feet behind a truck on Interstate 75 in McMinn County, Tennessee, in violation of T.C.A. § 55-8-124. The Court stated that although

2

the statute does not define "reasonable and prudent," the Tennessee drivers' manual provides that vehicles should maintain at least one car length separation for every ten miles per hour. *Citing, United States Valdez*, 147 Fed.Appx. 591 (6th Cir. 2005). As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *Whren v. United States* 517 U.S. 810 (1993). Trooper Steilow's stop of the defendant, who was traveling within two car lengths of another vehicle, was a proper stop.

In addition to the stop of the defendant's vehicle for following too close, there was a significant investigation ongoing which was separate and independent of Trooper Stielow's traffic stop. The defendant had been intercepted in conversation with co-defendant William McMahan arranging a meeting to pick up oxycodone pills. Surveillance agents were notified that the defendant would be arriving at McMahan's residence, and the defendant's van was observed at the residence and surveillance maintained on the van until it was stopped by Trooper Steilow.

The 6th Circuit has held that "pretextual" stops are permissible, so long as the officer had probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment. *United States v. Ferguson*, 8 F.3d 385 (6th Cir. 1993). This is true regardless of what else the officer may have known or may have suspected about the defendant at the time of the stop. *Id*. at 391. See also *Whren v. United States*, 517 U.S. 806 (1996); *United States v. Johnson,* 242 F.3d 707 (6th Cir.), *cert. denied,* 543 U.S. 863 (2001) (upholding stop for a broken tail light in accordance with Tennessee traffic statutes regardless of officer's subjective motivation); *United States v. Bailey*, 302 F.3d 652 (6th Cir. 2002) (Officer's actual motivation for stopping defendant who was committing a traffic

3

violation by driving on the wrong side of the road is irrelevant to the constitutionality of that stop). In this case, Trooper Steilow had probable cause to stop the defendant's vehicle for following too close and therefore, and therefore, the resulting traffic stop was proper.

The search of defendant's vehicle was conducted pursuant to consent given by the defendant. A search conducted pursuant to a valid consent is a well-recognized exception to the Fourth Amendment's general warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). In this case, consent to search was voluntarily and freely given by the defendant. Accordingly, an exception to the warrant requirement existed and defendant's motion should be denied.

The United States opposes the defendants' motions to suppress the evidence of the stop and search of the defendant's vehicle on April 21, 2010. A hearing is necessary to resolve the issue raised by the defendant in his motion.

Respectfully submitted, this the 29th day of November, 2011.

        WILLIAM C. KILLIAN
        UNITED STATES ATTORNEY

By:  /s/ Caryn L. Hebets
   CARYN L. HEBETS
   ASSISTANT U.S. ATTORNEY
   220 WEST DEPOT STREET
   GREENEVILLE, TN 37743
   423/639-6759

4

CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2011, the foregoing response was filed electronically. Notice of this filing was sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. Counsel not indicated on the court's EFS will be served by regular U.S. Mail, postage prepaid.

/s/ Caryn L. Hebets
Assistant U.S. Attorney