UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:11-CR-81 |
| | ) | |
| WILLIAM McMAHAN, *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**

On April 21, 2010, defendant Rodney Tullock was driving his vehicle on Highway 321 between Greeneville and Newport, Tennessee. He was stopped by a trooper of the Tennessee Highway Patrol, and a subsequent consensual search of defendant's vehicle revealed a number of prescription pill bottles that bore the name of the same doctor, and all of which had been filled at the same pharmacy in Tampa, Florida. Also discovered was a prescription bottle containing 170 Oxycodone pills.

Defendant has filed a motion to suppress any evidence of the pill bottles and pills, claiming that the trooper had no probable cause to stop him. (Doc. 266). An evidentiary hearing was held on December 7, 2011. This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

As an initial matter, it is noted that defendant does not claim in his motion that he did not consent to the trooper's search of his vehicle after the traffic stop. He makes only one argument – that he committed no traffic offense, and the trooper had no probable cause to stop him.

The only witness who testified was Trooper Jacob Stielow of the Tennessee Highway Patrol. Trooper Stielow was extremely credible, and his entire testimony is believed, without qualification.

On April 21, 2010, Trooper Stielow was patrolling the roadways in Greene County, Tennessee. Earlier that day, he received a telephone call from Agent Wilhoit of the Tennessee Bureau of Investigation, who told him to be on the lookout for a maroon Chevy van and, if he could do so, develop probable cause to effect a traffic stop of that vehicle and thereafter search it.

A maroon van passed Trooper Stielow and he wondered if it might be the van mentioned by Agent Wilhoit. However, Trooper Stielow was emphatic that his primary motivation in stopping the van was an observed traffic offense, as opposed to a drug interdiction effort. Of course, a traffic stop, even if pretextural, is admissible under the Fourth Amendment so long as there was independent probable cause to believe that a traffic offense was committed. *See, Whren v. United States*, 517 U.S. 810 (1993); *United States v. Ferguson,* 8 F.3d 385 (6th Cir. 1993). As hereafter discussed, there was probable cause for Trooper Stielow to believe that defendant committed a trafficking offense. As noted above, he unequivocally testified that his primary motivation was the traffic offense itself, not Agent Wilhoit's request that a maroon van be stopped as part of a drug investigation. In the final analysis, it makes absolutely no difference, since there was probable cause to believe that a moving vehicle offense had been committed.

Trooper Stielow testified that defendant was following another vehicle, and that he

was "following too closely" in violation of Tenn. Code Ann. § 5-8-124. That statue reads as follows: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

Defendant's counsel, in his cross examination of Trooper Stielow, exerted considerable effort in an attempt to demonstrate that defendant was not following the vehicle in front of him too closely. Also, he noted that the statute itself is vague, leaving a great deal of discretion to the officer regarding whether a vehicle is following another too closely.

Although the statute itself does not specifically describe what is "too close," the Tennessee Drivers' Manual provides that vehicles should maintain at least one car length for every ten miles per hour. The Tennessee Court of Criminal Appeals has held that Tenn. Code Ann. § 55-8-124(a) is not unconstitutionally vague, and does not provide law enforcement officers with too much discretion, *State v. Harton,* 108 S.W.3d 253, 260 (Tenn. App. 2002). The Sixth Circuit Court of Appeals, in a rather perfunctory manner, also has concluded that the statute is not unconstitutionally vague, *United States v. Walton*, 2007 WL 4395577 (6th Cir. 2007).

Since the statute is not unconstitutionally vague, the only issue is whether or not Trooper Stielow legitimately believed that the defendant was following too closely the vehicle in front of him. Trooper Stielow testified, rather common sensically, that a host of factors come into play in making that determination, not the least of which is the speed of the respective vehicles, and road and weather conditions. He judges the situation from the

3

perspective of the leading car making a "dynamic stop" – i.e., "standing on the brakes" – and whether the following car under those circumstances would be able to make its own emergency stop without crashing into the rear of the lead vehicle. Most people with years of driving experience are quite capable of instantly evaluating the emergency stopping distance between them and the lead vehicle, instinctively knowing how much space should prudently be allowed. Trooper Stielow concluded that defendant was following too closely under all the prevailing circumstances. Trooper Stielow was the only witness, and he was extremely knowledgeable, forthright, and credible. In short, he is believed. He had probable cause to believe that defendant was following too closely.

It is respectfully recommended that defendant's motion to suppress, (Doc. 266), be denied.[1]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).